AO 106 (Rev. 04/10) Application for a Search Warrant (Modified: WAWD 10-26-18)

# UNITED STATES DISTRICT COURT
for the
Western District of Washington

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. MJ19-365
)
Three cellular phones (TT1, TT2 & TT3), )
as more fully described in Attachment A. )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
Three cellular phones (TT1, TT2 & TT3), as more fully described in Attachment A, incorporated herein by reference.

located in the  Western  District of  Washington , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with intent to distribute controlled substances |
| 21 U.S.C. § 841 & 846 | Conspiracy to distribute and possess with intent to distribute controlled substances |

The application is based on these facts:
✓ See Affidavit of DEA Special Agent Alison Wassall continued on the attached sheet.

☑ Delayed notice of  45  days (give exact ending date if more than 30 days:  09/16/2019  is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Pursuant to Fed. R. Crim. P. 4.1, this warrant is presented: ☐ by reliable electronic means; or: ☐ telephonically recorded.

*Applicant's signature*

Alison Wassall, Special Agent
*Printed name and title*

⦿ The foregoing affidavit was sworn to before me and signed in my presence, or
○ The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit by telephone.

Date: Aug. 2nd 2019

*Judge's signature*

City and state:  Seattle, Washington   Michelle L. Peterson, United States Magistrate Judge
*Printed name and title*

USAO: 2019R00707

# ATTACHMENT A

# PROPERTY TO BE SEARCHED

The property to be searched comprises the following cellular telephones currently in the possession of the Drug Enforcement Administration in Seattle, Washington:

**TT1:** Blue 'Alcatel' cellular flip-phone, seized from a Chevrolet Silverado, bearing Washington State license plate C85367R, pickup truck and currently in the custody of DEA.

**TT2:** Silver Android 'Coolpad', IMEI 860667040669173, seized from a Chevrolet Silverado, bearing Washington State license plate C85367R, pickup truck and currently in the custody of DEA.

**TT3:** Silver Android 'Coolpad', IMEI 860667040638467 seized from a Chevrolet Silverado, bearing Washington State license plate C85367R, pickup truck and currently in the custody of DEA.

Attachment A
USAAO 2019R00707

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# ATTACHMENT B

## Items to be Searched for and Seized

This warrant authorizes the search and seizure of the evidence, fruits, and/or instrumentalities of the commission of the following crimes: Distribution of, and possession with intent to distribute, controlled substances, in violation of 21 U.S.C. § 841(a)(1); conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841 and 846, including but not limited to:

- Assigned numbers and identifying telephone serial numbers (ESN, MIN, IMSI, or IMEI);
- Stored lists of recent received, sent, or missed calls;
- Stored contact information;
- Photographs related to the aforementioned crimes, or photographs that may show the user of the phone and/or co-conspirators, including any embedded GPS data associated with these photographs; and
- Stored text messages (including any attached digital files associated therewith) related to the aforementioned crimes of investigation or that may show the user of the phone and/or co- conspirators, including Apple iMessages, Blackberry Messenger messages, "WhatsApp" messages, or other similar messaging services where the data is stored on the telephone.
- Other documents, records, communications, images, or other data in whatever form, which are or contain evidence of or pertain to the crimes above-listed crime(s), including: Location data, cell tower usage, GPS satellite data, and GPS coordinates for routes and destination queries between the above-listed dates which is or pertain to evidence of the above-listed crime(s);
- Other data, documents, records, images, videos, or other items in whatever form, tending to identify the subscriber of the device, the user of the device, and/or the possessor of the device, and/or dominion and control of the device.

The search warrant authorizes imaging or otherwise copying all data contained on the subject devices. The search warrant also authorizes reasonable efforts to overcome any passcode protection of the subject devices.

Attachment B - 1
USAO2019R00707

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# AFFIDAVIT OF ALISON WASSALL

STATE OF WASHINGTON    )
                       )
COUNTY OF KING         )

I, Alison Wassall, being first duly sworn on oath, deposes and says:

## INTRODUCTION AND AGENT BACKGROUND

1. I am employed as a Special Agent (SA) with the United States Drug Enforcement Administration (DEA), and have been so employed since September, 2018. I am currently assigned to the Seattle Field Division. In this capacity, I investigate violations of the Controlled Substance Act, Title 21, United States Code, Section 801 et seq., and related offenses. I have received specialized training in the enforcement and investigation of the Controlled Substance Act. I have received over 620 hours of classroom and practical training which includes, but is not limited to, drug identification, drug interdiction, detection, money laundering techniques and schemes, smuggling, and the investigation of individuals and/or organizations involved in the illegal possession, possession for sale, sales, importation, smuggling, cultivation, manufacturing and illicit trafficking of controlled substances.

2. In my role as a Special Agent for the Drug Enforcement Administration, I have participated in narcotics investigations (i.e., heroin, cocaine, marijuana, and methamphetamine) which have resulted in the arrest of individuals and the seizure of illicit narcotics and/or narcotic-related evidence. I have been involved in the service of search warrants as part of these investigations. As a result of my experience in serving these search warrants, I have encountered and have become familiar with various tools, methods, trends, paraphernalia and related articles utilized by various traffickers in their efforts to import, conceal, and distribute controlled substances. Through my training and experience, I can identify illegal drugs by sight, odor, and texture. Additionally, I have written investigative reports, and conducted and participated in interviews of drug

Affidavit of SA Wassall - 1
USAO 2019R00707

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

traffickers, of various roles within drug organizations, which has provided me with a greater understanding of the methods by which drug trafficking organizations operate.

3. Prior to becoming a Drug Enforcement Administration Special Agent, I was employed by the Washington State Patrol, assigned to the Northwest High Intensity Drug Trafficking Area in Seattle, Washington, as a Criminal Intelligence Analyst for approximately three (3) years. I received specialized training from the Drug Enforcement Administration Basic Intelligence Research Specialist academy and received over 350 hours of classroom training. During my time as an analyst, I supported numerous state and federal drug trafficking cases, assisted with the execution of both state and federal search warrants, and was a participant with the Washington State Patrol Marijuana Eradication Team. As a result of my experience in participating in search warrants as an analyst, I have encountered and have become familiar with various tools, methods, trends, paraphernalia and related articles utilized by various traffickers in their efforts to import, conceal, and distribute controlled substances. I am also familiar with the various methods of packaging, delivering, transferring.

## PURPOSE OF AFFIDAVIT

4. This affidavit is being submitted in support of an application for a search warrant to search **Target Telephone 1**, **Target Telephone 2**, and **Target Telephone 3** (the "**Target Telephones**") also referred to herein as "**TT1**," "**TT2**," "**TT3**." The **Target Telephones** were seized in connection with a traffic stop of a vehicle that contained approximately 1,398.4 grams of heroin and 1,985.8 grams of cocaine. There is probable cause to believe the **Target Telephones** contain evidence of criminal offenses connected with this seizure.

5. The **Target Telephones** are cellular telephones, more particularly described in Attachment A, which is incorporated herein by reference.

   a. **TT1:** Blue 'Alcatel' cellular flip-phone, seized from a Chevrolet Silverado pickup truck and currently in the custody of DEA Seattle.

Affidavit of SA Wassall - 2
USAO 2019R00707

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

      b.     **TT2:** Silver Android 'Coolpad,' IMEI 860667040669173, seized from a Chevrolet Silverado pickup truck and currently in the custody of DEA Seattle.

      c.     **TT3:** Silver Android 'Coolpad,' IMEI 860667040638467 seized from a Chevrolet Silverado pickup truck and currently in the custody of DEA Seattle.

6. I seek the Court's permission to search the **Target Telephones** for evidence of violations of Title 21, United States Code Sections 841(a)(1) and 846, as described in Attachment B, which is also incorporated herein by reference.

7. Since this affidavit is being submitted for the limited purpose of obtaining a search warrant for the **Target Telephones**, I have not included every fact known to me concerning this investigation. Rather, I have set forth only the facts that I believe are necessary for a fair determination of probable cause and to show that there is probable cause to issue the requested warrant.

8. I believe there is probable cause to conclude that Eduardo Viera-Chirinos (along with one or more other persons) participated in the transportation of narcotics, which were concealed within a hidden compartment in a Chevrolet Silverado, and used the **Target Telephones** in connection with those offenses.

## SOURCES OF INFORMATION

9. I have obtained the facts set forth in this affidavit through my personal participation in the investigation described below; from oral and written reports of other law enforcement officers; and from records, documents and other evidence obtained during this investigation. I have obtained and read official reports prepared by law enforcement officers participating in this investigation and in other investigations by the DEA. When I refer to registration records for vehicles, I am relying on records obtained from the Washington Department of Licensing (WA DOL). In so far as I have included event times in this affidavit they are approximate.

## PROBABLE CAUSE FOR SEARCHING THE TARGET TELEPHONES

10. The DEA is investigating a drug trafficking organization (DTO) operating in the Western District of Washington and Northern District of California which

Affidavit of SA Wassall - 3
USAO 2019R00707

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

distributes narcotics, including heroin and cocaine. Investigators believe Eduardo Viera-Chirinos is a leader/member of the aforementioned DTO. Viera-Chirinos was arrested by DEA on July 26, 2019, and is currently being held in federal custody in California.

11. During the course of DEA California's investigation into the DTO, DEA California obtained multiple federal court authorized T-III authorizations for phones utilized by DTO members including Viera-Chirinos. On July 16, 2019, United States District Court Judge Richard Seeborg, Northern District of California, signed an order authorizing the wire interception of a phone (360-505-9477) utilized by Viera-Chirinos, in addition to six other phones utilized by the DTO.

12. During the course of this investigation, DEA California has observed Viera-Chirinos associating with Alexander Gonzalez-Vasquez. In addition, Viera-Chirinos has been in contact and observed with an individual, who is believed to be a relative, by investigators and who has also been observed in the Western District of Washington: Jorge Enrique Torres-Viera. DEA California has indicated to DEA Seattle that based on their investigation, they believe that members of the DTO transport narcotics from the Oakland-area to Western Washington.

July 19, 2019: Jorge Enrique Torres-Viera Intercepted Call

13. On July 19, 2019, at approximately 12:28 p.m., (session #120), a phone utilized by Torres-Viera (669-292-7042) was intercepted calling 206-488-2978. T-Mobile indicates 206-488-2978 is subscribed to "AMG Painting LLC" with a customer name of "Gonzalez" at "9222 Woodlawn Avenue North Seattle, Washington." A Washington State Department of Revenue query indicates that "AMG Painting" has a governing person on file named "Alexander M. Gonzalez." According to WA DOL, Alexander M. Gonzalez-Vasquez provided "9222 Woodlawn Avenue North Seattle, Washington" as his home address on his Washington State driver's license. Based on my training and experience, and the experience of other investigators more senior than I, I believe the above information indicates 206-488-2978 is likely utilized by Gonzalez-Vasquez.

Affidavit of SA Wassall - 4
USAO 2019R00707

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

14. During the aforementioned call, Torres-Viera stated to the user of 206-488-2978 to "get ready to go down today." Torres-Viera continued, "I need you to go get something, and I will tell you the exact time." The user of 206-488-2978 stated, "It would be better at dawn because it is getting hard at night." On July 20, 2019, during the early morning hours, electronic tracking data for 669-292-7042 indicated the phone began "pinging" south of Seattle, Washington. The phone "ping" traveled to the Oakland-area of California. On the same date in the afternoon, DEA California observed Torres-Viera and Gonzalez-Vasquez on surveillance in the Oakland-area. DEA California observed a Chevrolet Silverado, bearing Washington State license plate C85367R, associated with Torres-Viera and Gonzalez-Vasquez. According to WA DOL, the aforementioned Silverado is registered to "AMG Painting LLC" at "9222 Woodlawn Avenue North Seattle, Washington." As noted above, "AMG Painting LLC" is a company associated to Gonzalez-Vasquez.

15. Based on my training and experience, and the experience of other investigators more senior than I, I believe the combination of the call intercepted above, the electronic tracking data, surveillance observations, and DEA California's information about the DTO's narcotics trafficking activities, indicates that Torres-Viera and Gonzalez-Vasquez traveled to the Oakland-area to "pickup" suspected narcotics for the DTO. In addition, I believe that when the user of 206-448-2978 indicated that "it would be better at dawn," the user was indicating to Torres-Viera that the user preferred to travel to California during the early morning hours likely to avoid law enforcement detection.

July 20, 2019: Eduardo Viera-Chirinos Intercepted Call

16. On July 20, 2019 at approximately 9:26 p.m., (session #417), a phone utilized by Viera-Chirinos (360-505-9477) received a call from **TT4**. DEA California has identified the user of **TT4** only as "Pilo." A summary of the call indicates that "Pilo" asked Viera-Chirinos "what time does brunch arrive tomorrow?" Viera-Chirinos stated "the brunch would arrive around 7:00 and [he] was waiting to get it." Viera-Chirinos

Affidavit of SA Wassall - 5
USAO 2019R00707

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

continued that "they would be leaving early morning." "Pilo" stated "he would be waiting over there" and for Viera-Chirinos to "let him know when he was over there." Viera-Chirinos then stated "they went to get one" and that "some parts were here and some from there." "Pilo" reiterated for Viera-Chirinos to "let him know when [Viera-Chirinos] was close by."

17. Based on my training and experience, and the experience of other investigators more senior than I, I believe the above call indicates "Pilo" is a narcotics redistributor for Viera-Chirinos likely in Western Washington. I believe when "Pilo" mentioned "brunch," this was slang for narcotics. I believe Viera-Chirinos was the intended recipient of the "brunch" in California and was to coordinate with "Pilo" when the "brunch" arrived in Washington. I believe that when Viera-Chirinos stated "they went to get one" and "some parts were here and some from there" this indicated that Viera-Chirinos was waiting on a delivery of "one" unit (likely a pound or kilogram) of narcotics from another unknown party. I believe when "Pilo" indicated for Viera-Chirinos to "let him know when [Viera-Chirinos] was close by," "Pilo" was indicating for Viera-Chirinos to call him when the narcotics arrived in Western Washington.

<u>July 22, 2019: Investigative Stop of Chevrolet Silverado</u>

18. On July 22, 2019, DEA Oakland investigators stated tracking data for 206-448-2978, likely utilized by Gonzalez-Vasquez, indicated the phone had departed the Oakland-area during the early morning hours and began traveling northbound towards Oregon.

19. Based on my training and experience, and the experience of other investigators more senior than I, the above actions are consistent with the behavior of a narcotics "courier," who often times will drive to a southern state to pick up a "load" of narcotics, turn around, and drive directly back to their origin. In addition, common sense suggests that innocent travelers, upon arriving at a destination that took approximately twelve hours to travel to, typically do not just turn back around and drive back to where they came from after spending less than forty eight hours at the destination.

Affidavit of SA Wassall - 6
USAO 2019R00707

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

20. On the same date, at approximately 6:58 p.m., a deputy with the Lewis County Sheriff's Office in Washington State, conducted an investigative stop of a Chevrolet Silverado, bearing Washington State license plate number C85367R, on northbound Interstate 5 between mile-marker 59 and 60. The vehicle had advertisements located on the Silverado's tailgate and cab doors, which advertised the painting business and provided 206-448-2978 as a contact number for the business.

21. The deputy contacted the driver, who provided a Washington State driver license identifying him as Alexander Gonzalez-Vasquez and the passenger, who provided a Washington State driver license identifying him as Eduardo Viera-Chirinos. During this time, a Washington State Patrol (WSP) Trooper utilized a narcotics detecting K9 on the exterior of the Silverado. The K9 alerted to the presence of a controlled substance near the rear of the cab of the vehicle, adjacent to the truck-bed tool box.

22. The deputy notified both Viera-Chirinos and Gonzalez-Vasquez that the vehicle was being seized, subsequently transporting both Gonzalez-Vasquez and Viera-Chirinos to exit number 72 from Interstate 5. The deputy seized the vehicle and had it towed to a secured area.

Search of Vehicle & Recovery of Narcotics and Phones

23. Investigators obtained a Washington State search warrant, which was authorized by The Honorable Jim Buzzard, to search the vehicle. After obtaining the search warrant, investigators searched the vehicle, and located a hidden compartment behind the rear seats of the cab.

24. From this hidden compartment, investigators removed two, cylindrical plastic packages containing a chunky substance, and seven, rectangular, cellophane-wrapped plastic packages containing a powdery or malleable substance. Subsequent preliminary laboratory testing indicates the packages contained approximately 1,398.4 grams of heroin and 1,985.8 grams of cocaine.

25. The three **Target Telephones** were also seized from the Silverado.

Affidavit of SA Wassall - 7
USAO 2019R00707

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

26. **TT1** was located in a pre-packaged cellphone box in the backseat area of the Chevrolet Silverado, bearing Washington State license plate C85367R. The pre-packaged cellphone box was found unsealed and the pre-packaged box had already been accessed.

27. **TT2** and **TT3** are identical phones and were both located in the Chevrolet Silverado, bearing Washington State license plate C85367R, one in the glovebox compartment and one located in a rollaway suitcase with personal items. The only difference between **TT2** and **TT3** is the small printed IMEI serial number on the back of the phone. Investigators were not aware of this difference until processing the evidence back at the Seattle Division Office (SDO). Because of this, investigators are not able to distinguish the specific location TT2 and TT3 were located within the Silverado.

28. I took custody of the **Target Telephones** and placed them in to temporary storage at DEA Seattle, where they are currently located.

Additional Investigation & Arrests

29. On the same date, at approximately 7:27 p.m., DEA California intercepted a phone call to a phone utilized by Torres-Viera. Spanish language monitors informed DEA California that they believe, based on prior intercepts, that the voice on the phone was Viera-Chirinos. During the call, Viera-Chirinos said that they were "fucked" and said he would send his location to Torres-Viera. Viera-Chirinos asked Torres-Viera to have a third party get a taxi for them because the police had dropped them off at a place and Viera-Chirinos did not know if they were going to pick him up because they took his car. Torres-Viera clarified that the police had taken the car, and Viera-Chirinos affirmed. Based on the context of this call, I believe that Viera-Chirinos was telling Torres-Viera about the investigative stop and car seizure.

30. Following the seizure of the vehicle, based on intercepts and phone tracking data, both Viera-Chirinos and Gonzalez-Vasquez traveled back to the Seattle area. During the same week, DEA California intercepted conversations indicating from third

Affidavit of SA Wassall - 8
USAO 2019R00707

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  parties that Viera-Chirinos had become aware of DEA's involvement with the stop of the
2  Silverado and was planning on fleeing the Seattle area.
3       31.    On July 26, 2019, both Viera-Chirinos and Gonzalez-Vasquez were
4  arrested by DEA California in the Santa Cruz beach area, and will be charged federally.

**KNOWLEDGE REGARDING NARCOTICS TRAFFICKERS & CELLPHONES**

     32.    Based upon my training and experience, and conversations with, and training from, other officers and agents involved in narcotics investigations, I know the following about drug traffickers and their use of cell phones.

     33.    Drug traffickers frequently make use of cellular telephones to arrange their drug transactions. These telephones are frequently pre-paid cellular telephones. Drug traffickers frequently provide little or no identifying information to the phone company. What information is provided is frequently false. Drug traffickers often discontinue the use of these cellular telephones on a frequent basis in order to thwart law enforcement efforts at detection.

     34.    Traffickers of controlled substances commonly maintain records reflecting names or nicknames, addresses, vehicles, and/or telephone numbers of their suppliers, customers and associates in the trafficking organization. Traffickers commonly maintain this information in books or papers as well as in cellular telephones and other electronic devices. Traffickers often maintain cellular telephones for ready access to their clientele and to maintain their ongoing narcotics business. Traffickers frequently change their cellular telephone numbers to avoid detection by law enforcement, and it is common for traffickers to use more than one cellular telephone at any one time.

     35.    Narcotics traffickers sometimes take or cause to be taken photographs and/or video recordings of themselves, their associates, their property, and their illegal product.

     36.    A cellular telephone or mobile telephone is a handheld wireless device used for voice communication through radio signals. These telephones send signals through networks of transmitter/receivers called "cells," enabling communication with other

Affidavit of SA Wassall - 9
USAO 2019R00707

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

cellular telephones or traditional "land line" telephones. A cellular telephone usually includes a "call log," which records the telephone number, date, and time of calls made to and from the phone.

37. In addition to enabling voice communications, cellular telephones' capabilities include, but are not limited to: storing names and phone numbers in electronic "address books"; sending, receiving, and storing text messages and email; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Cellular telephones may also include global positioning system ("GPS") technology for determining the location of the device.

38. Drug dealers use cellular telephones as a tool or instrumentality in committing their criminal activity. They use them to maintain contact with their suppliers, distributors, and customers. They prefer cellular telephones because, first, they can be purchased without the location and personal information that land lines require. Second, they can be easily carried to permit the user maximum flexibility in meeting associates, avoiding police surveillance, and traveling to obtain or distribute drugs. Third, they can be passed between members of a drug conspiracy to allow substitution when one member leaves the area temporarily. Since cellular phone use became widespread, every drug dealer I have contacted has used one or more cellular telephones for his or her drug business. I also know that it is common for drug traffickers to retain in their possession phones that they previously used, but have discontinued actively using, for their drug trafficking business. Based on my training and experience, the data maintained in a cellular telephone used by a drug dealer is evidence of a crime or crimes. This includes the following:

 a. The assigned number to the cellular telephone (known as the mobile directory number or MDN), and the identifying telephone serial number (Electronic Serial Number, or ESN), (Mobile Identification Number, or MIN), (International Mobile

Affidavit of SA Wassall - 10
USAO 2019R00707

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Subscriber Identity, or IMSI), or (International Mobile Equipment Identity, or IMEI) are important evidence because they reveal the service provider, allow us to obtain subscriber information, and uniquely identify the telephone. This information can be used to obtain toll records, to identify contacts by this telephone with other cellular telephones used by co-conspirators, to identify other telephones used by the same subscriber or purchased as part of a package, and to confirm if the telephone was contacted by a cooperating source.

b.   The stored list of recent received, missed, and sent calls is important evidence. It identifies telephones recently in contact with the telephone user. This is valuable information in a drug investigation because it will identify telephones used by other members of the organization, such as suppliers, distributors and customers, and it confirms the date and time of contacts. If the user is under surveillance, it identifies what number he called during or around the time of a drug transaction or surveilled meeting. Even if a contact involves a telephone user not part of the conspiracy, the information is helpful (and thus is evidence) because it leads to friends and associates of the user who can identify the user, help locate the user, and provide information about the user. Identifying a defendant's law-abiding friends is often just as useful as identifying his drug-trafficking associates.

c.   Stored text messages are important evidence, similar to stored numbers. Agents can identify both drug associates, and friends of the user who likely have helpful information about the user, his location, and his activities.

d.   Photographs on a cellular telephone are evidence because they help identify the user, either through his or her own picture, or through pictures of friends, family, and associates that can identify the user. Pictures also identify associates likely to be members of the drug trafficking organization. Some drug dealers photograph groups of associates, sometimes posing with weapons and showing identifiable gang signs. Also, digital photos often have embedded "geocode" or GPS information embedded in them.

Affidavit of SA Wassall - 11
USAO 2019R00707

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Geocode information is typically the longitude and latitude where the photo was taken. Showing where the photo was taken can have evidentiary value. This location information is helpful because, for example, it can show where coconspirators meet, where they travel, and where assets might be located.

e.  Stored address records are important evidence because they show the user's close associates and family members, and they contain names and nicknames connected to phone numbers that can be used to identify suspects.

39. Based on my training and experience, and the training and experience of other investigators more senior than I, I know it is common for narcotics traffickers to utilize more than one phone. At times, narcotics traffickers will utilize separate phones to keep communications with sources of supply and downstream customers separate. I also know traffickers will often change phones for multiple reasons which include attempts to frustrate law enforcement, and be able to quickly "drop" a phone and still be able to communicate with members of their organization. Moreover, I know it is common for drug traffickers, no matter their level or role in an organization, to possess and utilize multiple phones to conduct illicit narcotics activities. During the course of DEA California's investigation, investigators are aware of multiple phones that Viera-Chirinos has utilized for narcotic related investigations.

40. **TT1** was located directly behind the driver's seat of the vehicle and appeared to be in a box that was recently opened. I believe this indicates one of the individuals in the vehicle recently had accessed it.

41. In addition one of the phones (**TT2** or **TT3**) was located in a suitcase with personal items. There were two individuals in the vehicle and two pieces of luggage located in the vehicle during the search. I believe this further indicates it is likely that this luggage belongs to one of the individuals traveling in the vehicle as they were traveling a long distance, over twelve hours in length, and likely had to pack a bag to carry personal items or for a change of clothes. In addition, one of the phones (**TT2** or

Affidavit of SA Wassall - 12
USAO 2019R00707

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  **TT3**) was located in the glovebox of the vehicle. Viera-Chirinos was traveling in the
2  passenger seat of the vehicle and I believe this indicates Viera-Chirinos would have quick
3  access to the phone (**TT2** or **TT3**) as the glovebox was directly in front of the front
4  passenger seat.

## MANNER OF SEARCH & REQUEST FOR DELAYED NOTICE

6  42.   I intend to deliver **TT1**, **TT2**, and **TT3** to a DEA telecommunications
7  specialist who will recover data from them using computer forensic best practices.

8  43.   Law enforcement will ensure that only data physically located on the
9  **Target Telephones** will be recovered, in that the phones will be disabled from accessing
10  a mobile phone network or Wi-Fi access point. This process will not capture data stored
11  on any other server, such as emails that have not been previously downloaded to the
12  phones.

13  44.   The examiner will extract from the **Target Telephones** the information
14  identified in Attachment B. The examiner will provide me either only authorized data, or
15  data in a form in which these areas will be clearly delineated. I intend to search the
16  phones for the items that are described in Attachment B.

17  45.   If the forensic examiner is unable to extract data from the phones, I intend
18  to instead manually search the phones by looking at the applicable sections of the actual
19  phones for the items that are described in Attachment B.

20  46.   Accordingly, I am asking the Court for permission to delay notification of
21  the execution of this search warrant. Title 18, United States Code, Sections 3103a(b) and
22  (c) provide that notice regarding execution of a search warrant may be delayed when the
23  court finds reasonable cause to believe that such notification may have an adverse result,
24  such as causing targets to flee from prosecution, destruction of or tampering with
25  evidence, or seriously jeopardizing an investigation. This authority also authorizes
26  seizure of property without notice if the court finds that seizure is reasonably necessary.

27  47.   In this matter, immediate notification would seriously jeopardize this
28  investigation. These include target subjects "dropping" phones being currently tracked

Affidavit of SA Wassall - 13
USAO 2019R00707

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 under court order; the flight of the target subjects (many of whom are Honduran
2 nationals); and the destruction of evidence.
3    48.   For the same reasons set forth in the preceding paragraph, I request that the
4 search warrant application, this affidavit, the search warrant, the search warrant return,
5 the motion to seal filed herewith, the order sealing, and related materials be sealed to
6 avoid jeopardizing the investigation.

**REQUEST FOR DELAYED NOTICE**

8    49.   Because these search warrants relate to an ongoing investigation, I request
9 that notice be delayed for up to forty-fiver (45) days. The Target Telephones are
10 connected to an ongoing investigation into violations of Title 21, United States Code,
11 Sections 841(a)(1), and 846, committed by Eduardo Viera-Chirinos and others.  While
12 Viera-Chirinsos has been arrested, other members of the drug trafficking organization are
13 at large.  Premature revelation of the details of the investigation may impede the
14 investigation by encouraging the suspect to flee in order to avoid detection and arrest by
15 law enforcement.
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

Affidavit of SA Wassall - 14
USAO 2019R00707

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## CONCLUSION

50. In sum, I believe there is probable cause to believe that **TT1**, **TT2**, and **TT3** contains evidence, fruits, and instrumentalities of violations of Title 21, United States Code, Sections 841(a)(1), and 846. I seek authorization to search the Target Telephone for the items described in Attachment B.

*Alison Wassall*
Alison Wassall
Special Agent
Drug Enforcement Administration

Subscribed and sworn before me this 2nd day of August, 2019.

HON. MICHELLE L. PETERSON
United States Magistrate Judge

Affidavit of SA Wassall - 15
USAO 2019R00707

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# ATTACHMENT A

## PROPERTY TO BE SEARCHED

The property to be searched comprises the following cellular telephones currently in the possession of the Drug Enforcement Administration in Seattle, Washington:

**TT1:** Blue 'Alcatel' cellular flip-phone, seized from a Chevrolet Silverado, bearing Washington State license plate C85367R, pickup truck and currently in the custody of DEA.

**TT2:** Silver Android 'Coolpad', IMEI 860667040669173, seized from a Chevrolet Silverado, bearing Washington State license plate C85367R, pickup truck and currently in the custody of DEA.

**TT3:** Silver Android 'Coolpad', IMEI 860667040638467 seized from a Chevrolet Silverado, bearing Washington State license plate C85367R, pickup truck and currently in the custody of DEA.

Attachment A
USAAO 2019R00707

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## ATTACHMENT B

### Items to be Searched for and Seized

This warrant authorizes the search and seizure of the evidence, fruits, and/or instrumentalities of the commission of the following crimes: Distribution of, and possession with intent to distribute, controlled substances, in violation of 21 U.S.C. § 841(a)(1); conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841 and 846, including but not limited to:

- Assigned numbers and identifying telephone serial numbers (ESN, MIN, IMSI, or IMEI);
- Stored lists of recent received, sent, or missed calls;
- Stored contact information;
- Photographs related to the aforementioned crimes, or photographs that may show the user of the phone and/or co-conspirators, including any embedded GPS data associated with these photographs; and
- Stored text messages (including any attached digital files associated therewith) related to the aforementioned crimes of investigation or that may show the user of the phone and/or co- conspirators, including Apple iMessages, Blackberry Messenger messages, "WhatsApp" messages, or other similar messaging services where the data is stored on the telephone.
- Other documents, records, communications, images, or other data in whatever form, which are or contain evidence of or pertain to the crimes above-listed crime(s), including: Location data, cell tower usage, GPS satellite data, and GPS coordinates for routes and destination queries between the above-listed dates which is or pertain to evidence of the above-listed crime(s);
- Other data, documents, records, images, videos, or other items in whatever form, tending to identify the subscriber of the device, the user of the device, and/or the possessor of the device, and/or dominion and control of the device.

The search warrant authorizes imaging or otherwise copying all data contained on the subject devices. The search warrant also authorizes reasonable efforts to overcome any passcode protection of the subject devices.

Attachment B - 1
USAO2019R00707

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970